IN THE MATTER OF THE ESTATE OF JOHN DUDDY, DECEASED.

*Administrators' commissions—Transfer of stock.*

An administrator is entitled to his statutory commissions upon certificates of stock which came into his hands as assets of the estate, remained there until final distribution, and were turned over by him to the widow as sole legatee.

The risk and care attendant upon the custody of such certificates can not be considered as "extraordinary services" within the meaning of the statute, and allowed for as such.

*Decided October* 12, 1887.

THIS case was submitted upon an agreed statement of facts, from which it appears that John Duddy in his lifetime was the owner of two certificates of stock in the Metropolitan National Bank, one for $10,000 and one for $5,000, par value. This stock passed into the hands of the administrator, and remained there until the final distribution, when the

two certificates were turned over to the widow, she being the sole legatee.

*Paxton & Warrington*, for Administrators.
*Ferris & Wilder*, for Heirs.

GOEBEL, J.

The question now arises as to whether the administrator is entitled to his statutory commissions upon the two certificates.

Section 6188 of the Revised Statutes provides that executors and administrators may be allowed commissions upon the amount of the personal estate collected and accounted for by them.

It was held in New York, under a statute somewhat similar to ours, that the statute of that State did not design to limit commissions to the mere money received. *Cairns* v. *Chaubert*, 9 Paige, 160.

The court, in the case of *Pomeroy* v. *Mills*, 37 N. J. Eq., 578, in commenting on a statute similar to that of the State of New York, say: "So to interpret it would often constrain these officers to do what would be for the disadvantage of those whose interests were intrusted to them, to convert into cash what could easily be divided and might better be preserved *in specie*, or else abandon all right to compensation for service rendered and risk incurred. * * * Commissions may be allowed upon any personal property that comes to hand having a money value."

Sums received and paid out are made the basis of computation in New York.   It has nevertheless been held that securities received by an executor and by him turned over to the parties entitled thereto, ought to be treated as money received and paid out, for the purpose of computing commissions.   This adds an extension to the authority of the statute, justified by the consideration that what was accepted as money by the parties interested might well be treated as such, for the purpose of computation.   *Phœnix* v. *Livingston*, 4 Eastern Reporter, 407.

I fully concur in the opinions expressed in the cases to which I have referred, and it would seem but right and proper that where an administrator has received, in the due course of his administration, securities which to all intents and purposes must be considered, and are treated, as in this case, as money, with the responsibility attached to the taking care, the risks incurred, the court would be justified in construing the section referred to, to apply to a case of this kind.

It is claimed however that the court might consider the risks, and the care, as part of extraordinary services rendered and allow for such extraordinary services as provided by statute. I can not agree with counsel upon this proposition, inasmuch as the stock which came into the hands of the administrator, was by him received in the due course of administration,

Estate of Duddy, Deceased.

and such stock having a money value, was in every respect assets as any other assets, upon which in law he was bound to administer. In that respect there were no extraordinary services rendered, at least not such as are contemplated by statute, for which an extra allowance might be made.

I have not been able to find any decisions in Ohio upon the question involved in this case, except the case of *Stone* v. *Strong*, 42 O. S. 53, where a judgment creditor accepted in lieu of money the purchaser's note and mortgage on the land sold by the administrator. It was there held that it was equivalent to the administrator receiving the money, and must be considered as a part of the proceeds of the sale, and administered upon by the administrator, for which he was entitled to his statutory commissions as provided by section 6188, Rev. Stat.

This would seem to indicate that it was not necessary before an administrator would be entitled to his commissions, that the amount should have actually passed through his hands, but that for administering upon anything having a money value, upon which commissions might be computed, such administrator is entitled to his commissions.

An order will be made in this case allowing the administrator his statutory commissions upon this stock.